Dodson & Ezell, of San Antonio, and Tarlton & Lowe, of Corpus Christi, for appellee.

## HUFF v. WILDER.

No. 9298.

Court of Civil Appeals of Texas. San Antonio.

March 28, 1934.

Rehearing Granted and Judgment Reversed and Remanded May 2, 1934.

Rehearing Granted and Judgment Affirmed Oct. 3, 1934.

Rehearing Amended and Dissenting Opinion Filed Nov. 14, 1934.

FLY, Chief Justice.

This suit was instituted by appellee against the City Central Bank & Trust Company, alleged to be the independent executor of A. Y. Baker, deceased, and O. O. Norwood, in the district court of Harris county, Tex. The independent executor filed a plea of privilege to be sued in Bexar county, which was granted and the cause removed to Bexar county, and filed in the Seventy-third district court. Afterwards the bank failed and was taken charge of by the banking commissioner, which ended its independent executorship, and R. O. Huff was appointed administrator de bonis non and was made a party to the suit. The cause was tried before a jury, and, upon motion of appellee, plaintiff below, a verdict was instructed for appellee.

The case was based on four promissory notes executed by A. Y. Baker and O. O. Norwood, dated December 22, 1929; three of the notes being for $25,000 each, due in one, two, and three years after date, and the fourth being in the sum of $26,000, due four years from date.

Appellant did not file a plea of non est factum, but denied consideration under oath. The plea of failure of consideration was not met by any evidence aliunde the face of the notes.

■ The case was originally filed in Harris county on July 31, 1931, and was filed in Bexar county on September 30, 1931. It does not seem to have been set for trial until May 1, 1933. When the case was called for trial, appellant filed a motion for continuance on the ground that he wished to obtain certain records and papers from the office of W. L. Pearson & Co., in Houston, and also papers held by O. O. Norwood, who had signed the note jointly with A. Y. Baker. It was stated in the application for continuance that the object sought in obtaining the papers from Pearson & Co. and Norwood was to ascertain the existence or nonexistence of a valid consideration for the four notes; it having been alleged that the notes had been executed by Baker and Norwood under an agreement with Pearson & Co., that they were not to be used nor become effective and would be destroyed at a meeting of all three of the participants. No effort had been made by appellant to obtain the depositions of W. L. Pearson and Norwood, who were nonresidents of Bexar county. It is true that appellee had applied for the depositions of W. L. Pearson, but the commission, shortly before the day set for trial, had been returned unexecuted. It will be kept in mind that this cause had been on the docket of Bexar county for twenty months at least, and no efforts had been made to obtain depositions or any other testimony in regard to the consideration for the four notes. The application for continuance was vigorously attacked by appellee, by a contest of the motion for continuance, in which it was fully disclosed that there had been a failure on the part of appellant to use any adequate efforts to obtain any testimony as to the consideration for the notes. The allegation as to a failure on the part of appellant to use diligence in procuring the testimony that was desired, was fully sustained by the testimony. The commission and interrogatories obtained by appellant, directed to Pearson and Norwood, were held for nearly a year, and no effort was made during that time to have a commission and interrogatories issued by appellant. He had no right to rely upon the efforts of appellee to supply the testimony that he desired, but it was his duty to make vigorous endeavor to obtain the testimony of the two witnesses. He knew that they alone could furnish the desired testimony, and he should have used every agency given him by the law to obtain that testimony. His only effort was to have the interrogations of appellee returned into court. They were returned, but had not been answered. He can-

not now claim that he was lulled into security by the efforts of his adversary to obtain the testimony or to suppress it. It was his business to obtain all the testimony that he could without the aid of appellee. If he had pressed an application for the taking of interrogatories to Pearson and Norwood, he would undoubtedly have been successful, but he made no effort. Both of the witnesses were in court on the day of the trial, but failed to testify, and appellant had it within his power to place them on the stand, and the court would have aided him in eliciting testimony from them. Appellant contends that they should have brought with them to court papers which he claimed they had in their possession, although they were not notified to do so until the day of the trial. Neither of them lived in Bexar county, and they could not have possibly obtained the papers at that late date. It is argued that the two witnesses had ample notice to bring the papers because appellant had filed cross-interrogatories to the interrogatories obtained by appellee. There was no attempt to show that either witness had been shown the cross-interrogatories, even if they could be deemed sufficient notice. We think the court was justified in overruling the application for continuance.

■ When this suit was instituted, only one note was due, and appellee sought to obtain judgment only on that note and asked to have each of the other notes established and declared as a claim against the estate of A. Y. Baker. All of the notes were delivered to the City Central Bank, the independent executor at the time, and the claims were seen and handled by R. O. Huff, the vice president of the bank, who was afterwards appointed administrator de bonis non. Appellant had full notice of the nature and extent of the claims and to all intents and purposes had full notice, and we think the law in reference to presentation of claims to an estate was fully complied with. All assignments raising the objection as to the failure to present the claims are overruled.

■ There is no question raised by the evidence that could have been presented to a jury. The notes were held by appellee under an indorsement of them by the payee, Pearson. They proved themselves in the absence of a plea of non est factum, and the court did not err in instructing the jury to return a verdict for appellee.

There is no error presented upon which a reversal could be justified, and the judgment is affirmed.

On Appellee's Motion for Rehearing.

MURRAY, Justice.

A majority of this court has decided that appellee's motion for a rehearing should be granted. The opinion rendered on May 2, 1934, is withdrawn, and the opinion delivered March 28, 1934, is adopted as the opinion of the court. The judgment of this court heretofore entered reversing and remanding this cause will be set aside, and the judgment of the trial court will be in all things affirmed.

SMITH, Justice (dissenting).

I respectfully dissent from the judgment of affirmance, upon the principal ground that the trial court erred in refusing a continuance upon appellant's first application therefor. I am unable to better state the reasons for my dissent than by adopting and quoting from the opinion of the then Chief Justice Fly, rendered on the original rehearing (resulting in a judgment of reversal) and retired by the final opinion of the majority on rehearing, whereby the judgment was ordered affirmed:

"When the case was called for trial appellant filed a motion for continuance on the ground that he wished to obtain certain records and papers from the office of W. L. Pearson and Company, in Houston, and also papers held by O. O. Norwood, who had signed the note jointly with A. Y. Baker. It was stated in the application for continuance that the object sought in obtaining the papers from Pearson and Company and Norwood was to ascertain the existence or nonexistence of a valid consideration for the four notes, it having been alleged that the notes had been executed by Baker and Norwood under an agreement with Pearson and Company that they were not to be used nor become effective and would be destroyed at a meeting of all three of the participants. No effort had been made by appellant to obtain the depositions of W. L. Pearson and Norwood, who were nonresidents of Bexar County. It is true that appellee had applied for the depositions of W. L. Pearson, but the commission, shortly before the day set for trial, had been returned unexecuted.

"The overruling of a motion for continuance is the main point for review on this appeal. In a former opinion this Court held that appellant had failed to show sufficient diligence in obtaining evidence on the question of want of consideration for the notes and affirmed the judgment of the lower court. On a reconsideration of the matters presented this Court has arrived at the conclusion that appellant had shown sufficient diligence in his endeavor to obtain the evidence desired.

"In this case the testimony desired on the part of appellant was in the keeping of W. L. Pearson and O. O. Norwood, who were antagonistic to the claims of appellant. The facts and circumstances indicate that they had thrown every obstacle in the way of appellant in obtaining the desired testimony. It appears that appellant had endeavored to obtain the testimony of Norwood and went to Austin for that purpose, and although he had been summoned by a notary to appear before him he disregarded the summons and absented himself from Austin and thwarted the purpose of appellant to obtain his testimony. Appellee had, prior to that time, applied for and obtained a commission to take the deposition of Pearson and Norwood in answer to certain interrogatories propounded to them by appellee. Appellant had fully and elaborately traversed those interrogatories by a long list of cross-interrogatories, which, had they been answered, would have fully elucidated the subject and acquired all the information that it was possible to obtain from the two witnesses. Appellant had the right to suppose that appellee had obtained the commission to take the testimony in good faith and with the sincere desire of ascertaining what the two men would swear. In this supposition appellant seems to have been sadly mistaken, for, after waiting for a considerable period, he had obtained an order from the trial judge requiring the clerk to issue a notice to appellee to return the interrogatories and deposition into court. They were handed into court during the progress of the trial when, of course, it was impossible for appellant to take any further steps in obtaining answers to the interrogatories. It had been disclosed in the cross-interrogatories addressed to Pearson and Norwood that appellant desired to ascertain the contents of certain papers held by them bearing on the question of consideration for the execution of the notes. In spite of this Pearson and Norwood came into Court without bringing the papers with them, which, it is alleged, were in Houston, Texas. The circumstances indicate that they did not wish a disclosure of the circumstances under which the notes were executed. They alone were in possession of the information desired by appellant, as the lips of A. Y. Baker had been closed in death. The Administrator was therefore left at the mercy of two men who evidently desired to con-

ceal the facts surrounding the execution of the notes and thus prevent an inquiry which might have protected the estate of A. Y. Baker from being exploited by them. We reiterate that we have arrived at the conclusion that the Administrator had done all that was demanded of him as the representative of the estate in endeavoring to obtain the defensive matter desired, to protect the estate."